**Robert STENZEL, et ux, Respondents,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

No. C3–85–917.

Court of Appeals of Minnesota.

Jan. 14, 1986.

Review Denied March 25, 1986.

John H. Bradshaw, III, Eden Valley, Paul E. Widick, Brainerd, for respondents.

Philip R. Reitan, Mankato, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

WOZNIAK, Judge.

State Farm appeals from a declaratory judgment allowing its insured to stack underinsured motorist coverage. We reverse.

### FACTS

In February 1982, Robert Stenzel was injured in an automobile accident when his Oldsmobile was rear-ended near St. Joseph, Minnesota. Stenzel was a resident of South Dakota and at that time was working in Minnesota.

Stenzel is a named insured under two insurance policies with State Farm, both of which were purchased in South Dakota and have underinsured motorist coverage limits of $50,000. One policy covered the Oldsmobile involved in the accident; the other covered Stenzel's Chevrolet. Both policies prohibit stacking. The driver of the other vehicle had liability coverage of $25,000 which Stenzel has received. Stenzel and State Farm entered into a release for the full amount of the underinsured limits on the Oldsmobile ($50,000), the auto involved in the Minnesota accident. Stenzel then brought this action to require State Farm to stack the two policies in order that he might recover an additional $50,000 in underinsured benefits from the policy covering the Chevrolet. Neither automobile was registered or principally garaged in Minnesota.

### ISSUE

Can a South Dakota resident who owns two automobiles, insured and garaged in South Dakota, when injured in a Minnesota accident, stack underinsured motorist benefits despite anti-stacking provisions in the policies?

### ANALYSIS

The parties agree that South Dakota would not void a policy provision which prohibits the stacking of underinsured coverages. The parties also agree that Minnesota law would invalidate such an anti-

stacking provision. Thus, we must decide whether the trial court correctly rejected the application of South Dakota law.

State Farm contends that application of Minnesota law violates the due process clause of the fourteenth amendment and the full faith and credit clause, art. IV, § 1 of the Constitution. In deciding whether a state can constitutionally apply its own substantive law, "that State must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Allstate Insurance Co. v. Hague,* 449 U.S. 302, 313, 101 S.Ct. 633, 640, 66 L.Ed.2d 521 (1981).

■ The facts reveal that contacts with Minnesota are significant. State Farm is licensed to do business in the state and is subject to suit here. The accident occurred in Minnesota and the third-party driver of the other vehicle was a resident of Minnesota. Stenzel primarily worked in Minnesota in the three years before the accident; he worked continuously in Minnesota the nine months immediately before the accident; and he lived here during the work week. This aggregation of contacts creates such state interests that application of Minnesota law is neither arbitrary nor fundamentally unfair.

■ Having so concluded, we must now apply choice of law rules to determine which law governs this action. *Hime v. State Farm Fire and Casualty Co.,* 284 N.W.2d 829, 833 (Minn.1979), *cert. denied,* 444 U.S. 1032, 100 S.Ct. 703, 62 L.Ed.2d 668 (1980). Five choice-influencing considerations are involved: (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interest; and (5) application of the better rule of law. *Id.; Hague v. Allstate Insurance Co.,* 289 N.W.2d 43, 46 (Minn.1978), *aff'd* 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981).

1. The unplanned nature of automobile accidents lessens the importance of predictability of results. *Hime,* 284 N.W.2d at 833. The insurance policy in this case had no geographical boundary and provided for no choice of law.

2. "Maintenance of interstate order" involves consideration of the sufficiency of contacts between the forum state and the transaction. *Id.* As previously noted, the contacts with Minnesota are substantial enough to satisfy the Constitution. However, under this factor, the reality of forum shopping may also be taken into account. *Hague,* 289 N.W.2d at 49. Forum shopping becomes a greater concern as contacts with the state diminish. *See id.* In the present case, no Minnesota resident is a party to the suit. Thus, the reality of forum shopping requires strong consideration.

3. "Simplification of the judicial task" is not significant because either state's law could be applied without practical difficulty. *Hime,* 284 N.W.2d at 833.

4. The concern under "advancement of the forum's governmental interest" is that Minnesota courts not be required to follow foreign laws which are inconsistent with our own concept of fairness and equity. *Id.* Minnesota does have a strong interest in compensating accident victims. *Id.* at 833–34. However, the Minnesota legislature has recently enunciated a policy prohibiting the stacking of underinsured and uninsured coverages, except under certain conditions. *See* 1985 Minn.Laws 1st Spec. Sess. ch. 13, § 191, subd. 4(6). Following that pronouncement by our legislature, it cannot be said that the South Dakota law at issue here is inconsistent with our own policy of fairness.

5. As noted above, our legislature has recently enacted what it must consider to be the "better rule of law." While decisions such as *Hague* had indicated that the better rule was to allow stacking, those statements were made in the absence of explicit legislative intent. Now that the legislature has spoken, we must follow its assessment of the "better rule." While we might not agree with this legislative determination, our role does not allow for second-guessing the legislature's wisdom.

After considering all five choice-influencing factors, we conclude that South Dakota law should govern resolution of this controversy. Since the parties agree that South Dakota law would not void a policy provision which prohibits the stacking of underinsured coverages, we find that Stenzel is entitled to underinsured benefits only to the extent of the policy limits for his Oldsmobile.

We note that State Farm also requests this court to recognize the validity of policy setoff provisions under which underinsured limits are reduced by liability coverage payments. Because State Farm has already settled with Stenzel in the release up to the full policy limits for the Oldsmobile, we decline State Farm's request for an advisory opinion.

## DECISION

Stenzel is only entitled to recover up to the limits of the underinsured motorist protection benefits under the policy issued by State Farm for the Oldsmobile.

Reversed.